UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-1046 HEA |
| | ) | |
| CARRON PRIMUS, | ) | |
| | ) | |
| Defendant. | ) | |

## **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT**

COMES NOW, the United States of America, by and through Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Dianna R. Collins, Assistant United States Attorney for said District, and for the Government's Response to Defendant's Motion to Dismiss Indictment, states as follows:

### Background

On December 20, 2018, an indictment was filed charging the defendant with one count of conduct in violation of Title 18, United States Code Section 1592 (a)(1) and two counts of conduct in violation of Title 18, United States Code Section 1952(a)(3). Now pending before the Court is defendant's Motion to Dismiss the Indictment (Doc. 37).

### Discussion

To be legally sufficient on its face, an indictment must contain all the essential elements of the offense(s) charged, it must fairly inform the defendant of the charge(s) against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a

conviction or acquittal as a bar to a subsequent prosecution. U.S. Const. Amends. V and VI; Fed. R. Crim. P. 7(c)(1); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Just, 74 F.3d 902, 903–04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993). An indictment is insufficient only if a substantive, essential element is omitted. United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). Moreover, "[a]n indictment should not be read in a hyper technical fashion and should be 'deemed sufficient unless no reasonable construction can be said to charge the offense.' " United States v. O'Hagan, 139 F.3d 641 (8th Cir. 1998). However, "[i]f an essential element of the charge has been omitted from the indictment, the omission is not cured by the bare citation of the charging statute." United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1998). With these principals in mind, Primus' Motion to Dismiss the Indictment should be denied.

In addition, when a defendant challenges an indictment on a motion to dismiss, the court must accept the government's allegations in the indictment as true. United States v. Birbragher, 603 F.3d 478, 481 (8th Cir. 2010). See also United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1259 n.3 (8th Cir. 1991)(providing that, in considering a motion to dismiss an indictment, "we accept the government's allegations as true, without reference to allegations outside the indicting document."). Therefore, this court is limited to a review of the Indictment, case law and the arguments of the parties in making this determination.

The defendant has been charged with two offenses.  Title 18, United States Code, Section 1591(a)(1) provides in pertinent part:

> Whoever knowingly (a) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person that has not attained the age of 18 years and will be caused to engaged in a commercial sex act, shall be punished.

The elements of this offense are: (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person less than eighteen years old; and (2) the defendant knew that the child was less than 18 years old, or acted in reckless disregard of the child's age.

Title 18, United States Code, Section 1952(a)(3) provides in pertinent part:

> Whoever travels in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, shall be punished.

The elements of this offense are: (1) the defendant traveled or used facilities of interstate/foreign commerce; and (2) with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity.

The Indictment in this case includes sufficient descriptions of the alleged illegal activity, which provide sufficient notice of the charge and meet all of the elements of 18 United States Code, Sections 1591(a)(1), and 1592(a)(3). The Indictment is a plain, concise and definite statement of the essential facts constituting the charged offense, alleges all the essential elements of the offense charged and complies in all respects with Rule 7(c) Federal Rule of Criminal Procedure.  Further, the indictment closely tracks the language of the underlying statute, and therefore, is legally sufficient on its face. United States v. Hayes, 574 F.3d 460 (8th Cir. 2009).

Finally, construing the defendant's claim liberally, he argues that the Indictment fails to state an essential element because he challenges the sufficiency of the government's evidence. Sufficiency of the government's evidence is not a basis for a motion to dismiss. "A pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the

government's evidence." See, e.g., United States v. DeLaurentis, 230 F.3d 659, 660 (3rd Cir. 2000)

(holding that Fed. R. Crim. P. 12(b)(2) authorizes dismissal of an indictment on the grounds that

its allegations are not sufficient to charge an offense but not on the grounds that the evidence is

not sufficient to prove the charges). "Where an indictment quotes the language of the statute and

includes the date, place and nature of the illegal activity, it need not go further and allege in detail

the factual proof that will be relied upon to support the charges." United States v. Doe, 572 F.3d

1162 (10th Cir. 2009) (quoting United States v. Redcorn, 328 F.3d 727 (10th Cir. 2008).  In quoting

the Third Circuit in DeLaurentis, the Eighth Circuit opined,

> In civil cases, of course, the summary judgment procedures contemplated by
> Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the
> sufficiency of the evidence to establish triable issues of fact; but there is no
> corollary in criminal cases. The government is entitled to marshal and present
> its evidence at trial, and have its sufficiency tested by a motion for acquittal
> pursuant to Federal Rule of Criminal Procedure 29.... [W]e simply cannot
> approve dismissal of an indictment on the basis of predictions as to what the
> trial evidence will be.

United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001) (quoting DeLaurentis, 230 F.3d at 661).

In this case, the Indictment speaks for itself; it tracks the statutory language, identifies the

federal law underlying the charge, alleges each of the essential elements, and specifies the

approximate time period of the offense.

If the government fails to prove at trial the essential elements of the offense, then the

defendant may be entitled to an acquittal; however, it is not grounds to dismiss the Indictment.

Respectfully submitted,

JEFFREY B. JENSEN

United States Attorney

s/Dianna R. Collins

DIANNA R. COLLINS, #59641MO

Assistant United States Attorney

111 S. Tenth Street, 20th Floor

St. Louis, Missouri 63102

(314) 539-2200


**CERTIFICATE OF SERVICE**

I hereby certify that on <u>June 6, 2019</u>, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.


<u>s/Dianna R. Collins</u>

DIANNA R. COLLINS #59641MO

Assistant United States Attorney