UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18CR1046 HEA(SPM) |
| CARRON PRIMUS | ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendant Carron Primus is charged with sex trafficking in violation of 18 U.S.C. §1591(a)(1) (Count 1) and interstate and foreign travel or transportation in aid of racketeering, in violation of 18 U.S.C. §1952 (Counts 2 and 3). *See* Doc. 2 (Redacted Indictment). Currently before the Court is defendant's motion to dismiss Counts 1, 2, and 3 of the indictment on grounds that the indictment fails to state an offense.

With respect to Count 1, a violation of §1591(a)(1) can arise either as the result of sex trafficking by force, fraud or coercion or by sex trafficking of a minor. For the reasons more fully set out below, it is unclear in this case whether the United States intended to charge Primus with sex trafficking by force, fraud or coercion; sex trafficking of a minor; or both. After carefully considering the written submissions of the parties and the arguments made at oral argument, I find that, to the extent the United States purported to charge Primus with sex trafficking by force, fraud or coercion, Primus's motion to dismiss should be denied because Count 1 of the indictment contains the elements of the offense of sex trafficking by force, fraud or coercion and fairly informs the defendant of the charge against which he must defend, and

contains sufficient information to allow defendant to plead double jeopardy. However, for the reasons more fully discussed below, to the extent the United States purported to charge Primus with sex trafficking of a minor, Count 1 of the indictment does not contain the elements of the offense and fails to fairly inform defendant of the charge against which he must defend.[1]

For the reasons more fully set out below, I further find that Counts 2 and 3 of the indictment each contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and contains sufficient information to allow defendant to plead double jeopardy. Therefore, Primus's motion to dismiss should be granted, in part, with respect to Count 1, but denied in all other respects.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 20, 2018, an indictment was returned charging Primus with one count of sex trafficking, in violation of 18 U.S.C. §1591(a), and two counts of using an interstate facility to facilitate an unlawful activity, in violation of 18 U.S.C. §1952(a). Primus was arraigned on January 11, 2019, and requested additional time to file pretrial motions. The undersigned found that, in the interest of justice, the request should be granted and extended the deadline for filing motions to February 25, 2019. Upon Primus's motions, the undersigned granted additional extensions, in the interest of justice, until May 31, 2019. On May 31, 2019, and in compliance with this Court's orders, Primus filed a motion to dismiss Counts 1, 2 and 3 of the indictment, which is opposed by the United States. *See* Docs. 37 & 43. The undersigned scheduled a pretrial motion hearing on July 9, 2019. Doc. 40. However, due to a docketing error, the July 9th setting was erroneously vacated. At the request of defense counsel, the matter was reset

---

[1] In its brief, the United States argued that Count 1 charges Primus with sex trafficking of a minor. This argument appears to have been made in error because the indictment does not track the statutory language for sex trafficking of a minor; it tracks the statutory language for sex trafficking by force or coercion. Because a violation of §1591(a)(1) can arise under either scenario, this Report and Recommendation addresses both of those possible violations.

2

for oral argument on August 15, 2019.  *See* Docs. 49 & 50.  However, at the request of defense counsel, the pretrial motion hearing was one again continued, to August 21, 2019.  Doc. 53.

On August 21, 2019, the undersigned held a pretrial motion hearing on Primus's motion to dismiss the indictment.  Primus was present with counsel who argued that the indictment was insufficient and failed to satisfy the requirements of Fed. R. Crim. P. 7(c) because the indictment merely tracks the statutory language and because the statutory language, standing alone, is not sufficient to notify Primus of his alleged crime.  The undersigned heard oral arguments from both parties and took the motion to dismiss under submission.  There are no other pretrial motions pending before the undersigned.

Primus's motion to dismiss the indictment is now ready for a ruling. As such, the undersigned makes the following factual findings and conclusions of law.

### CONCLUSIONS OF LAW

Primus contends Counts 1-3 of the indictment should be dismissed because they fail to allege essential elements of the offense charged and, thus, fail to satisfy the requirements of Fed. R. Crim. P. 7(c).  Rule 7(c) requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." *Id.*  To be legally sufficient on its face and otherwise comport with the requirements of the Sixth Amendment, an indictment must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense, and invoke the double jeopardy clause in any future prosecutions based on the same conduct.  Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011).  The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so

3

defective that it cannot be said, by any reasonable construction, to charge the offense . . . ." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

### A. COUNT 1 OF THE INDICTMENT IS NOT DEFICIENT AND MEETS THE REQUIREMENTS OF RULE 7(C) FOR THE OFFENSE OF SEX TRAFFICKING BY FORCE OR COERCION

In Count 1, Primus is charged with violating 18 U.S.C. §1591(a)(1), which prohibits sex trafficking of any person by force, fraud, or coercion, and sex trafficking of minors.[2] Although the United States' written opposition to Primus's motion suggests that Primus is charged with trafficking a minor, *see* Doc. 43, at p. 2-3, on its face, Count 1 appears to charge only that Primus engaged in sex

---

[2] Section 1591(a)(1) provides in relevant part:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person …

Knowing, or, …in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years, and will be caused to engaged in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. 1591(a)(1).

trafficking by force, fraud, or coercion.  Count 1 alleges in relevant part:

> Between on or about November 25, 2018 and November 27, 2018, within the Eastern District of Missouri, the defendant . . . in and affecting interstate and foreign commerce, did knowingly and intentionally attempt, recruit, entice, harbor, transport, provide, or obtain by any means a person, Juvenile A, knowing that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act. In violation of Title 18, United States Code, Section 1591(a) and (b), and Title 18, United States Code, Section 1594(a).

In opposing Primus's motion to dismiss, the United States argued in its brief that Primus had violated the portion of 18 U.S.C. §1591(a)(1) that deals with trafficking of minors. *See* Doc. 43, p. 2-3. The United States further argued that the indictment contained all the elements of the charged offense, which it described as follows: (1) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person less than eighteen years old; and (2) the defendant knew that the child was less than 18 years old, or acted in reckless disregard of the child's age." *Id.*

Although the United States correctly articulated the elements required for establishing a violation of sex trafficking of a minor in its brief, *see United States v. Curry,* 723 Fed. Appx. 314, 319-20 (6th Cir. 2018) (holding "The mens rea element in 18 U.S.C. § 1591(a) is 'knowing, or ... in reckless disregard of the fact ... that the person has not attained the age of 18 years'"), Count 1 of the indictment is devoid of any of those elements.  The victim is identified in Count 1 as a "Juvenile" but there is no allegation in the indictment suggesting that Primus knew or had reason to know the victim had not attained the age of 18.  Nor is there any allegation in the indictment suggesting that Primus had a reasonable opportunity to observe that the victim had not obtained the age of 18.  *See Curry,* 723 Fed. Appx. at 320 (holding that under §1591(c), the government can also allege and prove that a defendant prosecuted under §1591(a)(1) "had a reasonable opportunity to observe" that the victim had not attained the age of the 18).  Because the indictment lacks essential elements of the offense of sex trafficking of a

minor, Primus's motion to dismiss should be sustained to the extent the United States purported to charge Primus for sex trafficking of a minor.

Although the allegations in Count 1 fail to sufficiently allege an offense of sex trafficking of a minor, the allegations in Count 1 do track the statutory language and contain the elements of the offense of sex trafficking by force, fraud or coercion. Those elements are that a defendant (1) knowingly, (2) recruited, enticed, harbored, transported, provided or obtained, by any means, a person (3) knowing that fraud, force or coercion would be used to cause (4) the person to engage in a commercial sex act. *See United States v. Jones,* Case No. 1:05CR617 WSD, 2007 WL 2301420 at *6 (N.D. Ga. July 18, 2007) (setting out the elements for a violation of subsections 1591(a)(1) and (a)(2)). The terms "coercion" and "commercial sex act" are further defined in subsections 1591(e)(2) and 1591(e)(3).

Both during oral argument and in his written submission, Primus contended Count 1 fails to meet the requirements of Rule 7(c) because it fails to allege that he engaged in any commercial sex act and fails to otherwise describe what alleged commercial sex act occurred. *See* Doc. 37, at p. 2-3. Primus also contends the indictment fails to allege that any force, fraud or coercion was used on anyone and fails to otherwise describe the specific manner in which force, fraud or coercion was used. *Id.* Finally, Primus contends the indictment fails to allege that any person received money, property, gifts or anything of any value in exchange for having sex with anyone and fails to allege that Primus personally benefitted in any way economically from a person having sex with anyone. *Id.* Citing *United States v. Hamling,* 418 U.S. 87, 117 (1974), Primus insists that, in this case, Rule 7(c) required something more than what was alleged here—namely, the statutory language of the charge, the approximate date, place, and a generic description of the of the illegal activity.

Notwithstanding Primus's arguments to the contrary, "[i]ndictments generally do not have to specify evidence or details of how the offense was committed." *United States v. Raniere,* 384 F. Supp.

6

3d 282, 298 (E.D.N.Y. 2019). And, this case does not present one of the "very rare cases" in which "specification of how a particular element of a criminal charge will be met (as opposed to categorical recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." *United States v. Stringer,* 730 F.3d 120, 125-126 (2nd Cir. 2013) (citing *Hamling*, 418 U.S. at 118)). In addition, Primus's claimed deficiencies—e.g., lack of specificity about the type of commercial sex act alleged; lack of a description of the manner in which a person was forced or coerced; and the absence of allegations that Primus himself financially benefitted—are simply not required elements of the charged offense.[3] *See Jones*, 2007 WL 2301420 at *6.

In sum, I find that Count 1 of the indictment sufficiently states the elements of the offense of sex trafficking by force or coercion under section 1591(a)(1). Even if minimal, the allegations in Count 1 provide Primus protection against double jeopardy. Although defense counsel suggested during oral argument that Primus did not know what he had been charged with, Primus has been unable to articulate what prejudice, if any, he has suffered as a result of the limited case-specific information in the indictment. Defense counsel acknowledged during oral argument that she had received disclosures from the United States, including statements from the alleged victim about the events in the indictment. Taking these disclosures into account only further bolsters the conclusion that Primus has been sufficiently informed to defend against the charges and to be protected against the risk of double jeopardy. *See United States v. Walsh,* 194 F.3d 37, 45 (2nd Cir. 1999) (discovery cannot save a defective indictment but, "where the indictment has been found even minimally sufficient, a court may look to the record as a whole in determining whether" the constitutional requirements have been met).

---

[3] Primus's argument about the absence of any allegation that he financially benefitted might have merit if he were being prosecuted under subsection 1591(a)(2). *See Jones,* 2017 WL 2301420 at *6. However, he has not been charged under that subsection.

## B. COUNTS 2 AND 3 OF THE INDICTMENT ARE NOT DEFICIENT AND MEET THE REQUIREMENTS OF RULE 7(C)

In Counts 2 and 3, Primus is charged with using a facility in interstate or foreign commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of any unlawful activity in violation of 18 U.S.C. §1952.  Count 2 alleges in relevant part:

> Between on or about November 25, 2018 and November 27, 2018, within the Eastern District of Missouri, the defendant . . . did knowingly use facilities in interstate commerce, that is the internet, with the intent to promote, manage, establish, and carry on an unlawful activity, to wit: prostitution, and thereafter did knowingly promote, manage, establish and carry on that unlawful activity.  In violation of Title 18, United States Code, Section 1952(a)(3).

Count 3 alleges in relevant part:

> Between on or about November 25, 2018 and November 27, 2018, within the Eastern District of Missouri, the defendant . . . did knowingly use facilities in interstate commerce, that is the a cellular phone, with the intent to promote, manage, establish, and carry on an unlawful activity, to wit: prostitution, and thereafter did knowingly promote, manage, establish and carry on that unlawful activity.  In violation of Title 18, United States Code, Section 1952(a)(3).

As the Tenth Circuit Court of Appeals recognized in *United States v. Welch,* 327 F.3d 1081, 1090 (10th Cir. 2003):

> As set forth by the Act's plain language, the elements necessary to sustain a Travel Act conviction are (1) travel in interstate or foreign commerce or use of the mail or any facility in interstate or foreign commerce, (2) with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and (3) performance of or an attempt to perform an act of promotion, management, establishment, or carrying on of the enumerated unlawful activity.

Primus contends that, like Count 1, Counts 2 and 3 lack specificity about the type of unlawful activity allegedly engaged in and fails to detail how he allegedly used the identified facilities in interstate or foreign commerce.  These arguments are without merit.  All of the essential elements of the offense are set out in the indictment.  Counts 2 and 3 track the statutory language, allege the dates of the

8

unlawful conduct, identify the interstate facility alleged to have been used, and set out the type of unlawful activity allegedly carried on by the defendant. Although more detail could have been provided in the indictment, for the reasons set out in the preceding section discussing Count 1, additional detail is not necessary for the indictment to meet the requirements of Fed. R. Crim. 7(c) and the Constitution.

## CONCLUSION

In sum, except as noted herein with respect to Count 1, Counts 1-3 of the indictment make clear the offenses charged. Although case-specific facts are sparse, the indictment sufficiently sets forth the underlying transactions which form the basis of the charge of sex trafficking by force or coercion in violation of 18 U.S.C. §1591(a)(1) and violations of 18 U.S.C. §1952(a)(3). The indictment does not allege facts sufficient to support a charge of sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1). Primus's motion to dismiss should be denied because, excepted as noted herein, Counts 1-3 comply with the requirements of Rule 7(c) and the Constitution.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Carron Primus's Motion to Dismiss Count 1 of the Indictment be **GRANTED, in part, and DENIED, in part**. To the extent the United States purported to charge Primus with sex trafficking of a minor in violation of 18 U.S.C. §1591(a)(1), Primus's motion should be **SUSTAINED**. Primus's motion to dismiss Count 1 should be **DENIED** in all other respects.

**IT IS FURTHER RECOMMENDED** that Defendant Carron Primus's Motion to Dismiss Counts 2 and 3 of the Indictment be **DENIED**.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions

of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case has been set before the **Honorable Henry E. Autrey** on **October 7, 2019, at 9:30 a.m.**

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2019.