UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18CR1046 HEA(SPM) |
| CARRON PRIMUS, | ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION
AND MEMORANDUM OPINION OF
UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendant Carron Primus is charged in a superseding indictment with one count of sex trafficking of children or by force, fraud, or coercion in violation of 18 U.S.C. §1591 (Count 1) and interstate and foreign travel or transportation in aid of racketeering in violation of 18 U.S.C. §1952 (Count 2). Currently pending before the Court is Primus's Motion to Strike portions of Count 1 of the superseding indictment. (Doc. 95). The parties decided to forego oral arguments and agreed the motion could be resolved on the parties' written submissions. With leave of Court and without objection from defendant, the United States filed its written response opposing the motion on July 28, 2020 (Doc. 125). With leave of Court, and without objection from the

1

United States, Primus filed a Reply in response to the opposition on August 5, 2020 (Doc. 129).  As such, defendant's motion to strike is fully briefed and ready for a ruling.

## FACTUAL BACKGROUND

Count 1 of the superseding indictment alleges:

Between in or about November 25, 2018 and on or about November 27, 2018, within the Eastern District of Missouri, the defendant, CARRON PRIMUS, did knowingly, in or affecting interstate commerce: attempt to recruit, entice, harbor, transport, provide, obtain or maintain by any means a person, "Jane Doe," knowing and in reckless disregard of the fact that such person had not yet attained the age of 18 years and having had a reasonable opportunity to observe such person; knowing such person would be caused to engage in a commercial sex act; and committed a substantial step in furtherance thereof.

 In violation of Title 18, United States Code, Section 1591(a)(l), b(2), and (c), and Title 18, United States Code, Section 1594(a). (Doc. 77).

As Primus recognizes in his motion, the offense charge in Count I, and the statute on which it is based, allow for a conviction where the government proves the defendant knew a person was under 18, acted in reckless disregard of the person's minor status, *or* had a reasonable opportunity to observe the person. *United States v. Whyte,* 928 F.3d 1317, 1328 – 31 (11th Cir. 2019); *United States v. Duong*, 848 F.3d 928, (10th Cir. 2017); *United States v. Robinson*, 702 F.3d 22, 30-34 (2nd Cir. 2012). *See* Primus Motion (Doc. 95), p. 1-2.  Primus contends the

third alternative for a conviction, "having had a reasonable opportunity to observe [the minor]," should be stricken from Count 1 because the statute authorizing that alternative it is unconstitutionally vague.

## **DISCUSSION**

Although styled a "motion to strike," Primus's vagueness challenge is more fairly characterized as a motion to dismiss a portion of Count 1. Fed. R. Crim. P. 7(d) governs motions to strike and permits a court to strike surplusage from an indictment "only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Michel-Galaviz*, 415 F.3d 946, 948 (8th Cir. 2005) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)). Rule 12(b), on the other hand, permits a party to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits including a motion raising a defect in the indictment. *See* Fed. R. Crim. P. 12(b)(1)-(3). Because Primus is raising a constitutional challenge to the charged offense, the undersigned construes the motion as a facial challenge to the indictment seeking a partial dismissal under Fed. R. Crim. P. 12(b).

> The Eighth Circuit has held:
>
> The void-for-vagueness doctrine protects persons by providing 'fair notice' of a statute's applicability and by preventing arbitrary and discriminatory prosecutions of a statute's enforcement. The vagueness doctrine recognizes that a statute which either forbids or

3

> requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.

*United States v. Ghane,* 673 F.3d 771, 776-77 (8th Cir. 2012) (internal citations omitted). In assessing whether a statue is unconstitutionally vague, a court must consider whether (1) the statue defines the offense with sufficient definiteness to provide fair warning or adequate notice as to what conduct is prohibited; and (2) the statute defines the offense in a manner that does not encourage arbitrary and discriminatory enforcement. *Id.* at 777.

### A. THE STATUTE IS SUFFICIENTLY DEFINITE TO PROVIDE ADEQUATE NOTICE OF WHAT CONDUCT IS PROHIBITED.

As set out above, Count 1 of the indictment charges Primus with violating 18 U.S.C. §§1591(a)(l), b(2), and (c). In *United States v. Robinson,* 702 F.3d 22, 29 (2nd Cir. 2012), the Second Circuit interpreted these provisions and pointed out §1591 was first enacted in 2000, "as part of the Trafficking Victims Protection Act of 2000 ("TVPA"), Pub.L. No. 106–386, 114 Stat. 1464 (Oct. 28, 2000)." The stated purpose of the TVPA was "to combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." *Id.* (quoting 22 U.S.C. § 7101(a) (2000)). Section 1591(a) proscribes two forms of sex

4

trafficking that were defined by the TVPA as "severe forms of trafficking in persons"—sex trafficking involving a commercial sex act "induced by force, fraud, or coercion," or in which the person induced to perform the sex act was under the age of eighteen. *Id.* (quoting § 7102(8)(A) (2000)).

Although the original iteration of the TVPA required that a conviction for child sex trafficking under § 1591 be supported by proof that the defendant acted "*knowing* ... that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act," the TVPA was amended in 2008 to allow a conviction for child sex trafficking upon a showing that the defendant acted "in reckless disregard of the fact" that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.  *Id.* The TVPA was also amended in 2008 to add a new subsection (c) which provides:

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years.

18 U.S.C. §1591(c).

In this case, Primus argues subsection 1591(c) is unconstitutionally vague because a defendant "does not know when he has had a sufficient opportunity to observe a person to subject himself to criminal prosecution." *See* Doc. 95, p. 3. However, §1591(c) does not criminalize a person's "observation" of a minor.

5

Indeed, on its face, §1591(c) does not purport to define or describe any prohibited conduct at all. Instead, it references prohibited conduct described in subsection 1591(a)(1). As the Second Circuit recognized in *Robinson,* the text and structure of the statute "do not indicate that §1591(c) imposes an *additional* element on top of the *mens rea* requirement in §1591(a)." *Robinson,* 702 F.3d at 29-30. Noting that §1591(c) is stated in terms of what the government "need not prove" the Second Circuit held "[t]he better reading of §1591(c) is that the government may prove that the defendant had a reasonable opportunity to view the victim *in lieu* of proving knowledge" as required under §1591(a). *Id.* at 31.

A review of the text and structure of the statute makes clear that subsection 1591(c) is not a standalone provision that, by itself, ***proscribes*** any conduct separate from conduct prohibited under section 1591(a). On its face, §1591(c) makes clear that it must be read in conjunction with §1591(a)(1) in order to determine what conduct is prohibited. When subsection 1591(c) is read in conjunction with subsection 1591(a)(1), it is clear what conduct is prohibited and triggers criminal liability. As related to minors, the prohibited conduct under subsections 1591(a)(1) and (c) consists of recruiting, enticing, harboring, transporting, providing, obtaining, advertising, maintaining, patronizing or soliciting a person who has not attained the age of 18 years knowing that person will be caused to engage in a commercial sex act. It is ***this*** conduct—recruiting, enticing, transporting, etc. of a minor for a

6

commercial sex act—that triggers criminal liability. The defendant's opportunity to observe or lack of opportunity to observe the minor determines only what burden of proof the government will have at trial. It does not, as Primus seems to suggest, determine whether criminal liability attaches.

### B. THE STATUTE DEFINES THE OFFENSE IN A MANNER THAT DOES NOT ENCOURAGE ARBITRARY AND DISCRIMINATORY ENFORCEMENT.

Notwithstanding Primus's suggestions to the contrary, the statute he is accused of violating does not encourage arbitrary and discriminatory enforcement. The statute Primus is charged with violating in this case is not at all like the local ordinance in *City of Chicago v. Morales*, 527 U.S. 41, 58 (1999), which criminalized "loitering" by "street gang members." The prohibited conduct in *Morales*—loitering—was defined in the ordinance as "remain[ing] in any one place with no apparent purpose." *Id.* at 56. In *Morales*, the Supreme Court pointed out the difficulty a citizen might face standing in a public place with a group of people, trying to discern whether he or she had any "apparent purpose" for being there.

Here, as set out above, a defendant's criminal liability for sex trafficking of a minor does not rise or fall simply on the defendant's ability to observe the minor. When subsection 1591(c) is read together with subsection 1591(a)(1), it is clear the defendant must have been in engaged in the activities described in subsection 1591(a)(1) in order to become criminally liable. There is no dispute from Primus that subsection 1591(a)(1) is sufficiently definite to put one on notice that he is

7

engaging in criminal activity when he knowingly recruits, solicits, entices, provides, transports, advertises, maintain, or patronizes a person who has not yet attained the age of 18 to engage in a commercial sex act. The fact that a person so charged may have believed the person being recruited, solicited, enticed, etc. was an adult, and/or the accused lacked a reasonable or meaningful opportunity to observe that the person being solicited, recruited, etc. was not an adult, may well be an affirmative defense to raise at trial.[1]  However, the existence of a potentially viable affirmative defense does not convert an otherwise sufficiently definite criminal statute into one that is unconstitutionally vague.

In sum, Primus's void-for-vagueness challenge fails because the statute criminalizing the conduct for which Primus is charged makes clear what conduct gives rise to criminal liability and does not lend itself to arbitrary and discriminatory enforcement.

For all of the foregoing reasons, Defendant's motion to strike should be denied.

Accordingly,

  **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Strike (Doc 95) be **DENIED**.

---

[1] Primus's suggestion that "conduct involving facilitating prostitution" of adults would be perfectly legitimate or legal is a defense fraught with peril given the existence of other criminal statutes making it illegal to transport any individual, regardless of age, in interstate commerce for the purpose of prostitution.  *See* 18 U.S.C. 2421, et seq.

8

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be conducted before the **Honorable Henry E. Autrey** on **October 26, 2020, at 9:30 a.m.**

_____
SHIRLEY PADMORE MENSAH
U.S. MAGISTRATE JUDGE

Dated September 8, 2020.